```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

SOUTHERN-OWNERS INSURANCE
COMPANY, a Michigan corporation,

      Plaintiff,

v.                    Case No.:   8:12-cv-1922-T-33TBM

WALL 2 WALLS CONSTRUCTION, LLC,
a Florida corporation, KEITH
GALLOWAY and YARBRA SHARAE
GIBBS,

      Defendants.
_____/

## **ORDER**

This cause is before the Court pursuant to Defendant Wall 2 Walls Construction's Motion to Dismiss with Prejudice, or, in the Alternative, Motion for More Definite Statement; Motion for Statutory Attorneys' Fees and Costs (Doc. # 4), filed on September 19, 2012. Also before the Court is Defendant Yarbra Sharae Gibbs' Motion to Dismiss with Prejudice, or, in the Alternative, Motion for More Definite Statement (Doc. # 5), also filed on September 19, 2012. Plaintiff Southern-Owners Insurance Co. filed Responses in Opposition to each Motion on October 3, 2012. (Doc. ## 6-7). For the reasons that follow, the Court denies both Motions.

**I.**   **Background**

The following factual discussion, taken from Southern-Owners' Complaint (Doc. # 1), is accepted as true for the

purpose of addressing the Motions. On or about May 29, 2010, Gibbs was involved in an automobile accident in St. Petersburg, Florida, having been hit by a vehicle driven by Defendant Keith Galloway. (Id. at ¶ 10). At the time and place of the accident, Galloway was in the course and scope of his employment with Wall 2 Walls. (Id.). The automobile driven by Galloway was leased and/or owned by Clyde J. Walls and not by Wall 2 Walls. (Id. at ¶ 13).

Wall 2 Walls was insured under Policy number 20730311-10 (the "Policy"), issued by Southern-Owners.[1] (Id. at ¶ 11). Gibbs has presented a claim to Southern-Owners via a demand letter, seeking benefits under the Policy. (Id. at ¶ 9). On September 22, 2010, Southern-Owners notified Wall 2 Walls via letter (Doc. # 1-3) that there was no coverage under the Policy for Gibbs' claims. (Doc. # 1 at ¶¶ 13-14).

Southern-Owners contends that the Policy specifically excludes coverage for the use of an automobile owned or operated by the insured, and the automobile involved in the accident was operated by Galloway in the scope of his employment with Wall 2 Walls. (Id. at ¶ 14). The hired auto and non-owned auto liability endorsement to the Policy does

---

[1] The Policy is attached to the Complaint as Exhibit 1. (Doc. # 1-2).

not extend coverage for this loss because the automobile was leased and/or owned by Walls and not Wall 2 Walls, the named insured. (Id. at ¶ 15).

Southern-Owners filed suit in this Court on August 23, 2012. (Doc. # 1). The one-count Complaint seeks declaratory judgment pursuant to Chapter 86, Florida Statutes and 28 U.S.C. § 2201 as to Southern-Owners' duty to provide a defense and indemnify Wall 2 Walls and Galloway for Gibbs' claims. (Id. at ¶¶ 1, 8, 16).

Referencing Southern-Owners' prior litigation in Florida state court, Wall 2 Walls contends that Southern-Owners is "forum shopping" and that the present Complaint must be dismissed "since it apparently is seeking a second advisory opinion."[2] (Doc. # 4 at ¶ 2). Wall 2 Walls further seeks dismissal of this action because Southern-Owners failed to attach to the Complaint a copy of the underlying bodily injury claim filed by Gibbs in state court. (Doc. # 4 at ¶ 3). Wall 2 Walls argues that Southern-Owners "has failed to state a

---

[2] Wall 2 Walls asserts that Southern-Owners filed an identical declaratory judgment claim in state court, which was dismissed without prejudice. (Doc. # 4 at ¶ 2). Wall 2 Walls attached various documents associated with the prior lawsuit as exhibits to its Motion. (Doc. # 4-1). Also attached to the Motion is correspondence between the parties with regard to Gibbs' claims and the complaint filed by Gibbs in state court. (Doc. # 4-7).

cause of action, which is the same conclusion reached by Judge [Bruce] Boyer" in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 10-17088-CI-07. (Id.).

Wall 2 Walls also argues that, based upon an application of the facts alleged in the Complaint to the terms of the Policy, Southern-Owners has a duty to defend and indemnify Wall 2 Walls. As such, Wall 2 Walls seeks dismissal of the Complaint with prejudice, an order stating that Southern-Owners has a duty to defend and indemnify Wall 2 Walls, and statutory attorneys' fees. (Id. at ¶ 4).

Gibbs moves to dismiss on the grounds that she "was not a party to the underlying insurance contract and has no special knowledge as to the facts and circumstances surrounding the obtaining said insurance policy." (Doc. # 5 at 1). She thus adopts and incorporates the arguments in Wall 2 Walls' Motion. (Id. at 2).

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences

4

from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

By attaching various documents to its Motion and referencing facts and legal actions not mentioned in Southern-Owners' Complaint, Wall 2 Walls has invited the Court to broaden the scope of its review beyond the four corners of the Complaint.[3] As Wall 2 Walls points out, the Court could

---

[3] Wall 2 Walls has not asked this Court to take judicial notice of these documents pursuant to Federal Rule of Evidence 201. Even in that instance, this Court's review of the documents would be restricted to establishing the fact of the litigation and related filings. United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

technically consider the external documents and convert the Motion to Dismiss into a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure Rule 12(d). The Court determines that it is not be appropriate to do so, and has not considered the external documents.

### III. Analysis

The Court will turn first to Wall 2 Walls' argument that Southern-Owners has failed to state a cause of action because it did not attach Gibbs' underlying lawsuit to the Complaint. (Doc. # 4 at ¶ 3). Wall 2 Walls cites Posigian v. American Reliance Insurance Co. of New Jersey for the proposition that the "duty of an insurance carrier to defend a claim depends solely upon the allegations in the complaint filed against the insured." 549 So. 2d 751, 753 (Fla. 3d DCA 1989).

Wall 2 Walls' reliance on Posigian is misplaced. That case involved a lawsuit brought by the insured against the insurer, which pled the defense of a policy exclusion based upon the insured's claims in an underlying lawsuit. The court noted that "[n]o obligation to defend the action, much less to pay any resulting judgment, arises when the pleading in question shows either the non-existence of coverage or the applicability of a policy exclusion." Id. (internal quotations and citations omitted). The court further noted that Florida

Rule of Civil Procedure 1.130(a) requires that all documents upon when an action is brought "be incorporated in or attached to the pleading." Id.

The instant Complaint does not base its defense of no coverage on the claims in Gibbs' lawsuit. Furthermore, Federal Rules of Civil Procedure do not demand that Gibbs' complaint be attached to Southern-Owners' pleading. The Court thus denies Wall 2 Walls' Motion as to this ground.

The Court finds no merit in Wall 2 Walls' assertion the Southern-Owners seeks an "advisory opinion." (Doc # 4 at ¶ 2). The Declaratory Judgment Act provides that a declaratory judgment may be issued only in the case of an "actual controversy." 28 U.S.C. § 2201(a). However, Wall 2 Walls acknowledges that Gibbs has filed a lawsuit against it in state court and offers no other reason for this Court to question Southern-Owners' standing. (Id. at ¶ 3 n.2). The Court also denies Wall 2 Walls' Motion as to this ground.

As to Wall 2 Walls' accusation that Southern-Owners is "forum shopping," Wall 2 Walls does not point to any pending state proceeding that might persuade the Court to abate this action pursuant to Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942); see also Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330-31 (11th Cir. 2005)

7

(listing nine factors a district court may consider in determining whether to accept or decline jurisdiction under the Declaratory Judgment Act). Generally, district courts within the Eleventh Circuit have declined to abate a declaratory judgment action absent a parallel state court proceeding. See New Hampshire Ins. Co. v. Hill, No. 11-0414-CD-B, 2012 WL 1598155, at *2 (S.D. Ala., May 7, 2012) (discussing such cases). This Court similarly declines to dismiss this case on those grounds.

The Court will now turn to Wall 2 Walls' argument that the facts alleged in the Complaint compel dismissal of this action. (Doc. # 4 at ¶ 4). Wall 2 Walls asserts that an application of those facts to the Policy show, as a matter of law, that Southern-Owners has a duty to defend and indemnify Wall 2 Walls. (Id.).

The Policy provides, in relevant part:

SECTION I - COVERAGES
2.   Exclusions
    This insurance does not apply to:
    g.   Aircraft, Auto, or Watercraft
       "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading and unloading."

8

>     COMMERCIAL GENERAL LIABILITY PLUS ENDORSEMENT
>     2.  HIRED AUTO AND NON-OWNED AUTO LIABILITY
>         Coverage for "bodily injury" and "property
>         damage" liability provided under SECTION I
>         COVERAGES, COVERAGE A. BODILY INJURY AND
>         PROPERTY DAMAGE LIABILITY, is extended as
>         follows under this item, but only if you do
>         not have any other insurance available to you
>         which affords the same or similar coverage.
>
>         Coverage
>         We will pay those sums the insured becomes
>         legally obligated to pay as damages because of
>         "bodily injury" or "property damage" arising
>         out of the maintenance or use of an "auto":
>         a.  You do not own;
>         b.  Which is not registered in your name; or
>         c.  Which is not leased or rented to you for
>             more than ninety consecutive days and
>             which is used in your business.

(Doc. # 1 at ¶ 11).

The Complaint alleges that other insurers providing coverage to Wall 2 Walls have tendered policy limits to Gibbs. (Id. at ¶ 12). The Complaint further alleges that Exclusion 2.g. applies because Galloway operated the vehicle involved in the accident with Gibbs.[4] (Id. at ¶ 14). However, the hired auto and non-owned auto endorsement does not extend coverage because the vehicle "was leased and/or owned by Clyde J. Walls, not the named insured Wall 2 Walls." (Id. at ¶ 15).

Wall 2 Walls seizes upon this latter allegation to conclude that the endorsement must apply because the vehicle

---

[4] The Complaint refers to Exclusion 2.6. The Court presumes this is a scrivener's error.

was being used in Wall 2 Walls' business and Wall 2 Walls did not own, lease, rent or register the automobile. (Doc. # 4 at ¶¶ 13-16, 20). The endorsement provides that exclusion 2.g. is inapplicable when the endorsement is triggered. (Id. at ¶ 19). Wall 2 Walls argues that Southern-Owners' coverage statements are overbroad and erroneous, and cites a number of cases in which "Florida courts have granted dismissals with prejudice under similar circumstances." (Id. at 9).

A defendant may, on a motion to dismiss, raise the issue of "whether a complaint contains sufficient allegations that show as a matter of law that the particular [policy] exclusions at issue negate coverage and warrant dismissal of the action with prejudice." Fla. Farm Bureau Gen. Ins. Co. v. Ins. Co. of N. Am., 763 So. 2d 429, 432 (Fla. 5th DCA 2000). Generally, however, the applicability of a policy exclusion raises questions of fact that may not be decided on a motion to dismiss. Id. "The most common and appropriate pre-trial motion to raise the issue of whether a particular exclusion clause in an insurance policy applies to prohibit recovery is a motion for summary judgment." Id.

In this case, the Court finds that it is more appropriate to wait until the summary judgment phase to address the applicability of the hired and non-owned auto endorsement. The

parties have relied upon the same allegation to reach opposite conclusions as to coverage under the Policy, a conflict this Court cannot resolve without further factual context. No other allegations in the Complaint enable this Court to determine coverage as a matter of law.

In accepting the allegations in the Complaint as true, the Court "is not free to speculate as to what may indeed be true or ultimately proven." Cintron v. Osmose Wood Preserving, Inc., 681 So. 2d 859, 861 (Fla. 5th DCA 1996). By the same token, the Court is not prepared to find coverage under the Policy based upon the bare allegation that Walls leased and/or owned the vehicle. Drawing all inferences in the light most favorable to Southern-Owners, the Court denies Wall 2 Walls' Motion to Dismiss with Prejudice. As a result, the Court also denies Wall 2 Walls' request for attorneys' fees and costs pursuant to Fla. Stat. § 627.428.

Because Gibbs' Motion relies upon the same arguments, it is also denied. To the extent that Gibbs asserts that she is not a proper party to this action, Southern-Owners argues that she is properly joined because the declaratory relief sought potentially impacts her state court claims. (Doc. # 7 at 2). Under Florida law, "[a] declaratory action obtained by an insurer against its insured is not binding on a third-party

11

claimant who was not a party to the declaratory judgment action." <u>Independent Fire Ins. Co. v. Paulekas</u>, 633 So. 2d 1111, 1113 (Fla. 3d DCA 1994). The Court agrees that joining Gibbs in this action has the meritorious benefit of avoiding duplicative litigation.

Although both Defendants purport to move for a more definite statement, neither argues this point. In any event, the Court finds no basis for granting this relief.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Wall 2 Walls' Motion to Dismiss with Prejudice, or, in the Alternative, Motion for More Definite Statement; Motion for Statutory Attorneys' Fees and Costs (Doc. # 4) is **DENIED**.

(2) Defendant Yarbra Sharae Gibbs' Motion to Dismiss with Prejudice, or, in the Alternative, Motion for More Definite Statement (Doc. # 5) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>3rd</u> day of December, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record