```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

SOUTHERN-OWNERS INSURANCE
COMPANY,

      Plaintiff,

v.                         Case No. 8:12-cv-1922-T-33TBM

WALL 2 WALLS CONSTRUCTION, LLC,
ET AL.,

      Defendants.
_____/

## ORDER

This cause is before the Court pursuant to Defendant Wall 2 Walls' Motion to Determine Entitlement to Attorneys' Fees and Taxable Costs, Request for Order Determining Procedure to Determine Amount, or in the Alternative, Motion for Extension of Time to File Affidavits and Documents in Support of Reasonable Fees and Taxable Costs (Doc. # 39), which was filed on December 16, 2013. For the reasons that follow, this Court denies the Motion without prejudice.

## Discussion

In an Order dated November 26, 2013, the Court granted summary judgment in favor of Wall 2 Walls and against Southern Owners. (Doc. # 37). The Court's Judgment was entered on November 27, 2013. (Doc. # 38). On December 16, 2013, Wall 2 Walls filed the instant Motion requesting attorneys' fees in the amount of $119,700 and costs in the amount of $843.11.

(Doc. # 39). Southern Owners filed a Notice of Appeal of the Court's Judgment on December 24, 2013. (Doc. # 40).

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction with respect to any matter involved in the appeal. In <u>Green Leaf Nursery v. E.I. DuPont de Nemours & Co.</u>, 341 F.3d 1292, 1309 (11th Cir. 2003), the Eleventh Circuit explained: "The filing of an appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (Internal citations omitted). However, the Court has discretion to deny a motion for attorneys' fees without prejudice with leave to re-file after the appeal has concluded. <u>See</u> Fed. R. Civ. P. 54(d). The Advisory Committee Notes to Rule 54(d)(2) explain: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." <u>See</u> Advisory Committee Notes to the 1993 amendment to Rule 54(d)(2).

Rather than resolving the Motion for Attorneys' Fees during the pendency of the appeal, the Court determines that

the ends of justice would be better served by denying the Motion without prejudice and with leave to re-file after the conclusion of the appeal. Immediate resolution of the collateral issues of attorneys' fees and costs is unlikely to assist the Court of Appeals, and attorneys' fees and costs are often resolved in appellate mediation. See Larson v. Correct Craft, Inc., No. 6:05-cv-686-Orl-31-GKJ, 2008 U.S. Dist. LEXIS 32311, at *3 (M.D. Fla. Apr. 18, 2008). Thus, the Court denies the Motion without prejudice and with leave to re-file no later than fourteen days after entry of a mandate by the Court of Appeals on Southern Owners' pending appeal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Wall 2 Walls' Motion to Determine Entitlement to Attorneys' Fees and Taxable Costs, Request for Order Determining Procedure to Determine Amount, or in the Alternative, Motion for Extension of Time to File Affidavits and Documents in Support of Reasonable Fees and Taxable Costs (Doc. # 39) is **DENIED WITHOUT PREJUDICE** as specified above.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of December, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

-3-

Copies to: All counsel of record